**TRADEMARK RETAIL, INC., Plaintiff,**

**v.**

**APPLE GLEN INVESTORS, LP, Bobeck Real Estate Company Inc. and H. Duane Bobeck, Defendants.**

**No. Civ. 1:00CV385.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 26, 2000.

---

Edward L. Murphy, Jr., Miller, Carson, Boxberger and Murphy, Fort Wayne, IN, Jack L. Boyd, Indianapolis, IN, for plaintiff.

Gene R. Leeuw, John M. Mead, Leeuw and Doyle, Indianapolis, IN, for defendants.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the Court on a Motion to Dismiss filed by the defendants on October 10, 2000. Plaintiff filed a response to that motion to which defendants filed a reply on October 23, 2000.[1] For the following reasons, the motion to dismiss will be granted.

### Discussion

Given the limited number of filings, the factual basis underlying this litigation is far from complete although the following would appear to be the facts which are germane to the motion to dismiss. Taken as they are primarily from plaintiff's filings, they are necessarily (and in keeping with the rules governing a motion to dismiss for lack of subject matter jurisdiction for failure to join a party[2]) construed in plaintiff's favor.

On May 28, 1998, plaintiff Trademark Retail and defendant Apple Glen Investors LP formed a limited liability company known as

---

1. The motion to dismiss was briefed on an expedited schedule because plaintiff, with the filing of its verified complaint, filed a request for a temporary restraining order and a preliminary injunction. The request for a temporary restraining order was denied after hearing on October 10, 2000. An evidentiary hearing on the motion for a preliminary injunction is scheduled for October 21, 2000.

2. When deciding a motion to dismiss under Rule 12(b)(1) (for lack of subject matter jurisdiction) or under 12(b)(7) (for failure to join a party under Rule 19), "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir.1999).

Apple Glen Crossing, LLC for the purpose of developing a shopping center in Allen County, Indiana to be known as Apple Glen Crossing. On that same date, Apple Glen Crossing LLC and plaintiff entered into an Operating Agreement for the joint development of the shopping center. Also on that same date, plaintiff and Apple Glen Crossing LLC entered into a Development, Marketing and Management Agreement which granted Trademark, as agent, the right to develop, market and manage the above-mentioned shopping center.

Under the terms of the Development, Marketing and Management Agreement, plaintiff is obligated to exercise diligence and good faith to develop the shopping center. Indeed, it was to lease or sell at least 90% of the proposed buildable area of the shopping center within three years of the agreement. Within the Development, Marketing and Management Agreement is a schedule of fees which plaintiff was to be paid for its performance in its development, management and marketing duties.

Plaintiff began to perform its duties under the above agreements. In doing so, it hired a leasing agent and incurred additional expenses in the development and marketing of the shopping center.

Plaintiff asserts, however, that almost from the start defendants (and in particular H. Duane Bobeck) commenced a pattern of conduct that was designed to interfere with plaintiff's duties under the terms of the Agreements and to prevent plaintiff from achieving its performance goals under the Agreements.

General examples of the alleged actions taken by defendant include Duane Bobeck unreasonably refusing to approve leases proposed by plaintiff, unreasonably refusing to

approve change orders, and engaging in conflicts of interest by contacting companies plaintiff was negotiating with to steer them to other properties in which Bobeck had an interest including Jefferson Pointe and Covington Plaza, both of which are in near proximity to Apple Glen. More specifically plaintiff asserts:

> Plaintiff in the Spring and Summer of 2000 expended considerable time and effort in securing a letter of intent from Borders for lease of approximately 25,000 square feet in the shopping center but Bobeck refused to give approval to the lease because of his desire that Borders rent in one of his properties.

> During the same period, plaintiff negotiated with Best Buy to lease approximately 30,000 square feet but again, because of his self interest, Bobeck refused to give approval to the lease.

> Plaintiff's brokers and agents have also engaged in preliminary negotiations with national tenants such as Old Navy, Barnes & Noble, Bath & Body Works and Bed, and Bath and Beyond to lease in Apple Glen but defendant has also contacted those prospective tenants about leasing elsewhere.

According to plaintiff, the defendants' general pattern and practice of obstructive behavior has disrupted and interfered with plaintiff's business relationships with tenants and potential tenants with the dual motive of steering those potential tenants to other places and with the intent to thwart plaintiff from achieving its performance goals.

Based on these activities, plaintiff filed suit in this Court. Its complaint is in two counts: Breach of Fiduciary Duty and Interference with Contractual and Business Relations.[3]

---

3. As indicated, with the filing of its complaint, plaintiff also filed a request for emergency relief either in the form of a Temporary Restraining Order or Preliminary Injunction. It claims that it will be irreparably harmed and points out that Apple Glen cannot be without management for any period of time because there is presently a payment dispute with the general contractor which could delay future construction, the contract with Borders needs to be concluded, tenant improvements have to be authorized for the Building 4 tenants, and leases have to be executed with Dollar Tree and Dress Barn. Plaintiff requests that the Court enjoin "defendants, and all agents, employees, and attorneys, and all persons in active concert and participation with them from taking any steps to terminate either the Operating Agreement or the Development, Marketing and Management Agreement or to in any other way interfere with plaintiff, Trademark's ability to develop, market and manage the subject shopping center."

The present motion to dismiss filed by the defendants seeks to have the complaint dismissed for lack of subject matter jurisdiction. It is their contention that Apple Glen Crossing, LLC, an Indiana limited liability company is a necessary and indispensable party.

This Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 which provides that "[t]he district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that all of the adverse parties to a suit be completely diverse with regard to citizenship for "[a] case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

As presently structured, the parties to this case are diverse. Plaintiff is a Texas corporation and all defendants are either Indiana residents or Indiana business entities. It is defendants' position that Apple Glen Crossing LLC should be a party to this litigation which would destroy complete diversity.

Rule 17 of the Federal Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 19 in turn sets forth the procedures for joining a party to a pending case.

■ Joinder of a party under Rule 19 entails a two-step inquiry. "First, the court must determine whether a party is one that should be joined if feasible—called in the old days, a necessary party." *Thomas v. United States,* 189 F.3d 662, 667 (7th Cir.1999). "Included in this analysis under subdivision (a)(2)(i) is any person who 'claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence will ... as a practical matter impair or impede the person's ability to protect that interest.' " *United States v. Tribal Development Corp.,* 100 F.3d 476, 478–79 (7th Cir.1996). "Only if the court concludes ... that the party should be included in the action but it cannot be, must it go on to decide whether the litigation can proceed at all in the party's absence." *Thomas,* 189 F.3d at 667; see also, *Alvarez v. Donaldson Co., Inc.,* 213 F.3d 993, 995 (7th Cir.2000) ("Because Rule 19(a) only allows joinder if it will not deprive the court of jurisdiction, we must turn our analysis to Rule 19(b)"). "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the party is regarded as 'indispensable' and the action is subject to dismissal under Federal Rule of Civil Procedure 12(b)(7)." *Thomas,* 189 F.3d at 667.[4]

"In other words, the relevant question is 'whether in equity and good conscience the action should proceed' without the absent party, 'indispensable' is merely the label applied to the absent party in the event that the court should answer this question in the negative." *Tribal Development Corp.,* 100 F.3d at 479 (citations omitted). "To help courts navigate the path of equity and good conscience, Rule 19(b) lists four factors: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which relief can be tailored or lessened to avoid prejudice; (3) the adequacy of a judgment rendered in the person's absence; and (4) 'whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.' " *Id.*

Here, plaintiff in response to the motion to dismiss asserts that Apple Glen Crossing LLC is not an indispensable party. Instead, it is akin to a limited partnership and many cases have held that a limited partnership is not an indispensable party.

---

**4.** That is, "[u]nder 19(b), if the necessary party cannot be joined, the court must decide 'whether in equity and good conscience, the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.' Significantly, subdivision (b) uses the term 'indispensable' only in a conclusory sense, and not the starting point of analysis." *Tribal Development Corp.,* 100 F.3d at 479.

There is authority for the proposition that a limited liability corporation is similar to a limited partnership. "This animal is like a limited partnership, the principle difference is that it need have no equivalent to a general partner, that is, an owner who has unlimited personal liability for the debt of the firm." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998).

There is also authority for the proposition that a limited partnership is not always an indispensable party in an action between partners, at least where the all of the partners are before the court. As was poignantly stated by the Third Circuit:

... [T]he Partnership, like a marionette, cannot make a move unless some human being pulls the strings. And all the people, who under the Partnership Agreement, have the power to cause the Partnership to bring suit ... are before the court. The court can therefore enjoin all the partners from bringing a subsequent suit on behalf of the Partnership.

\* \* \* \* \* \*

That said, we do not believe the Partnership's interests would, as a practical matter, be prejudiced by excluding it from the action. Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interest of the human beings that are its members (albeit through the medium of other partnerships and corporations) ... [F]ollowing Rule 19's pragmatic approach, we are guided by common sense. A partnership's interest as an entity consists of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners.

*HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191 & 1193 (3d Cir.1996). See also, *Delta Financial Corp. v. Paul D.*

*Comanduras & Assoc.*, 973 F.2d 301, 303 (4th Cir.1992) ("This action arises out of a strictly internal conflict between the partners, all of whom, ... will be before the district court"); *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 91–92 (2d Cir.1990) (limited partnership not indispensable in suit by limited partners against general partners).

For their part, defendants point out that some courts have found that in a dispute involving a limited partnership, the limited partnership is an indispensable party and cite for that proposition cases such as *Moore v. Simon Enterprises, Inc.*, 919 F.Supp. 1007 (N.D.Tex.1995), *Bankston v. Burch*, 27 F.3d 164 (5th Cir.1994) and *Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir.1991). More importantly, defendants assert that an LLC is more like a subchapter S corporation than a limited partnership in that although each is a pass-through organization for income taxation, limited liability companies and S corporations offer limited liability to all their members or shareholders, unlike limited partnerships which leave general partners responsible for all partnership obligations. Further, limited liability companies like S corporations allow all members or shareholders to participate in the management of the entity, whereas management of a limited partnership is committed solely to the general partner. Withal, this action is like that of a derivative claim between two shareholders of a closely held corporation and the rule in such cases is that "[i]f this is a derivative suit, the corporation is an indispensable party." *Bagdon v. Bridgestone Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir.1990).

If anything can be gleaned from the foregoing, it is that Rule 19 requires examining the specifics to determine whether a party is in fact necessary.[5] Here, such an examination leads this Court to conclude that Apple Glen Crossing LLC is in fact indispensable to the litigation filed by plaintiff. This remains so, even though, as plaintiff urges, all of the partners to the LLC are before the Court

---

5. Many courts, like the Third Circuit in *H.B. General*, point out that Rule 19 envisions a pragmatic approach. As was pointed out by Judge Easterbrook in *Bagdon*, however, "Rule 19 is *not* 'applied pragmatically' in derivative cases....

So much has been settled since *Davenport v. Dows*, 85 U.S. (626 Wall.) 626, 21 L.Ed.2d 938 (1873), a decision reaffirmed after the adoption of Rule 19." *Bagdon*, 916 F.2d at 382.

either by virtue of this litigation or the related lawsuit filed by Apple Glen Investors, L.P. on the same day.[6]

Plaintiff's own filings belie any suggestion that Apple Glen Crossing LLC is not a necessary party to this suit. Its complaint repeatedly references the harm that will befall Apple Glen Crossing LLC if the alleged pattern of conduct is continued. In this vein it asserts, for example, that Bobeck refused to approve a lease with Borders "even though that lease was in the best interest of Apple Glen Crossing, LLC," (Complaint ¶ 11), that Bobeck "unreasonably refused and declined to give approval for the lease with Best Buy even though that lease was in the best interest of Apple Glen Crossing LLC," (*id.* ¶ 12), that "his conduct is self-dealing [and] not in the best interests of Apple Glen Crossing LLC," (*id.*), that defendants "lur[ed] potential tenants away from Apple Glen, all of which was not in the best interest of Apple Glen Crossing, LLC," (*id.* ¶ 14), that "Apple Glen Crossing, LLC cannot be without management for any period of time as there are substantial matters requiring the immediate management services of Trademark and, it therefore is not in the best interest of Apple Glen Crossing, LLC to be without management at the shopping center," (*id.* ¶ 19), and that "[a]s members of Apple Glen Crossing, LLC, the defendants each have a fiduciary duty to Trademark and Apple Glen Crossing, LLC, to act in the best interests of the shopping center venture ... [that] [t]he pattern of obstructive behaviors described ... was not undertaken in the best interests of Apple Glen Investors, LLC, [and] has created numerous conflicts of interests and amounts to self-dealing by the defendants, namely H. Duane Bobeck, to further their own interest at the expense of Apple Glen Investors [sic], LLC." (*Id.* ¶ 22).

Moreover, in its request for injunctive relief, plaintiff asserts that the defendants' actions are preventing it from achieving its performance goals under the Agreements and that

> In addition, and perhaps more importantly, significant and irreparable injury will result to Apple Glen Crossing, LLC, unless a temporary restraining order and/or preliminary injunction is granted. It is imperative to note that Trademark be permitted to continue negotiations of pending leases and to conduct other crucial management activities so as to protect and serve the best interests of Apple Glen Crossing, LLC. The marketing and negotiation of leases for the shopping center is a matter where time is of the essence and it is crucial that the continuing identity of the party managing this shopping center, Trademark, is known to all prospective tenants and continues uninterrupted during the tenancy of this action.

> If a temporary restraining order and/or preliminary injunction is not granted in this case, there may well be no management of Apple Glen Crossing, LLC causing irreparable harm to the venture. As a result, injunctive relief is appropriate now.

(Rec. 4, pp. 9–10).

Clearly, the foregoing suggests beyond doubt that Apple Glen Crossing LLC is a necessary party. The harm alleged is not only to plaintiff Trademark but to the venture that is known as Apple Glen Crossing LLC. Indeed, plaintiff's request for injunctive relief essentially seeks to uphold or enforce the Agreements without interference by defendants but which could conceivably result in the opposite since plaintiff claims that defendants are seeking to oust them from their management role, a role which has as its basis the Agreements between Trademark and Apple Glen LLC. Although stated somewhat in the converse "[i]n this respect, it is worth repeating the oft-quoted observation of the Ninth Circuit that '[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'" *Tribal Development,* 100 F.3d at 479.

These things taken together would suggest that Apple Glen Crossing LLC is, under the terminology of Rule 19(a), an entity who "has

---

6. Apple Glen Investors, L.P. filed suit against Trademark Retail, Inc. alleging numerous breaches of the Operating Agreement and seeking an accounting.

an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may … as a practical matter impair or impede the person's ability to protect that interest." Support for this conclusion can be found in the recent case of *Weber v. King,* 110 F.Supp.2d 124 (E.D.N.Y.2000), wherein two members of a limited liability company sought money damages and an injunction preventing the third member and her alleged supporters from destroying the LLC's business. The issue before the court was whether the LLC was an indispensable party. The court concluded that it was even though all members of the LLC were already parties to the litigation and wrote:

> … Plaintiffs cannot argue that the presence of all members of the Company before the Court is sufficient to protect the interest of the Company. Under New York's Limited Liability Company Law …, an LLC is a 'separate legal entity.' Its members are afforded corporate-like limited liability protection, i.e., members do not have personal liability for the debts, obligation, or liabilities of the LLC. In addition, like a corporation, it has rights and obligations which are separate and distinct from those of its members. It follows that the Company's interests may be distinct from those of its members.

> For example, were the Company to be dissolved, creditors of the Company would hold an equitable interest in its assets that may compete with the interest held by Plaintiffs. Because the creditor's claims would not be able to reach the members personally, Plaintiffs cannot represent the interests of the Company in determining the validity of the creditor's claims.

> \*　　\*　　\*　　\*　　\*　　\*

> Finally, the fact that all members of the Company are before the Court is insufficient to assure adequate representation of the Company's interest where, as here, the members are in conflict. As one court noted,

> > If each individual partner appears before the court to represent his or her individual partnership interest, and if those interests are in conflict, then in representing themselves the partners are no longer effecting an adequate representation of the totality of the interests, and the partnership must be represented by licensed counsel.

> *Knox Leasing v. Turner,* 132 N.H. 68, 562 A.2d 168, 172 (1989).

*Weber,* 110 F.Supp.2d at 128 (footnotes omitted).

Of course, unlike the court in *Weber,* this Court is not dealing with a New York limited liability company. However, like New York, Indiana limited liability companies are separate legal entities which among other things may "[s]ue, be sued, complain and defend in its name." I.C. 23–18–2–2. Also, as under New York law, an Indiana limited liability company is like a corporation in that it has rights and obligations which are distinct from those of its members. *Compare,* NYLLCL § 601, as quoted in *Weber,* 110 F.Supp.2d at 128 fn. 4 ("A membership interest in a limited liability company is personal property. A member has no interest in specific property of the limited liability company") *with* I.C. 23–18–6–2 ("The interest of a member in a limited liability company is personal property"). And, like a New York limited liability company, in Indiana members do not have personal liability for the debts, obligation, or liabilities of the LLC. See, I.C. 23–18–3–3(a) ("A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort of otherwise, or for the acts or omissions of any other member, manager, agent, or all employee of the limited liability company.").

Also unlike *Weber,* this Court does not appear to be faced with the situation where plaintiff is seeking to invade the coffers of the LLC to pay down promissory notes. Like *Weber,* however, and most pertinent in this Court's view, the members are in conflict, a conflict that would necessarily seem to implicate the rights and/or duties of the LLC. Moreover, at issue are the very Agreements which appear to have served as the basis for the creation of Apple Glen Crossing LLC in the first instance. As such

it is clear to the Court that Apple Glen Crossing LLC is a necessary party.

■ With that conclusion, this Court must undertake the second step of the Rule 19 analysis. Under Rule 19(b), the factors to be considered in determining whether a party is indispensable are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

F.R.Civ.P. 19(b).

The first factor—prejudice to the LLC—involves the same considerations discussed in concluding that Apple Glen LLC is a necessary party. As noted previously, even a cursory reading of the complaint demonstrates that the interests of the LLC as opposed to those of its members are significantly impacted by the plaintiff's allegations. While plaintiff alleges that the acts by Bobeck and others were done for the purpose of making it infeasible for plaintiff to reach its performance goals under the development and marketing agreements, the harm, as plaintiff makes clear in its allegations, is also to the LLC.

The second factor also cuts against plaintiff as this Court can see no way to shape relief to lessen the potential prejudice to the LLC. Indeed, plaintiff wants to continue under the operating agreements but at the same time suggests interference by other members of the LLC. How that would be resolved and its impact on the LLC is unclear to the Court.

The third factor, unlike the prejudice under subdivision (a)(2)(i) and under the first factor of subdivision (b), "is concerned with the parties before the court rather than the absentee." *Tribal Development Corp.,* 100 F.3d at 480. Here, it is difficult to discern how this factor may play out although perhaps a judgment in LLC's absence may be adequate.[7] Nonetheless, " '[t]his [third] factor ... cannot be given dispositive weight when the efficacy of the judgment would be at the cost of the absent party['s] right to participate in litigation that critically affects [its] interest.' " *Id.* (quoting, *Wichita & Affiliated Tribes of Oklahoma v. Hodel,* 788 F.2d 765, 777 (D.C.Cir.1986)).

The fourth factor clearly weighs in favor of dismissal. Without doubt, plaintiff has an alternative remedy and indeed may have more than one. It can sue in state court or, perhaps, it may be able to resolve its dispute with the defendants by virtue of the action which was filed by Apple Glen Investors, L.P. in this Court against the plaintiff. In any event, plaintiff will not be without a remedy.

In sum, this Court is of the view that Apple Glen Crossing, LLC is a necessary party to this litigation. The Court is further of the view that that entity is also an indispensable party to this litigation. Since "the citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members," *Cosgrove,* 150 F.3d at 731, and since the LLC is composed of Indiana members, diversity jurisdiction is destroyed requiring that this action be dismissed.

### Conclusion

On the basis of the foregoing, the Motion to Dismiss filed by the defendants on October 10, 2000 is hereby GRANTED. The clerk is directed to enter judgment against

---

**7.** Conversely, it could be that defendants would be prejudiced since at least theoretically (although in practicality probably an impossibility) the LLC could bring a separate suit against the defendants on the same claims (e.g. harm to the LLC by defendants' actions) thus subjecting them to potentially inconsistent judgments. However, this remote possibility is not taken into account in this Court's analysis since the "examination must focus on the 'practical likelihood of prejudice and subsequent litigation, rather than theoretical possibilit[ies].' " *Maritimes & Northeast Pipeline LLC v. 16.66 Acres of Land,* 190 F.R.D. 15, 19 (D.Me.1999) (quoting, Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE § 1608 (2d ed.1997)).

the plaintiff and in favor of the defendants dismissing the complaint.