Eileen **BIRDSONG**, Plaintiff,

v.

**WESTGLEN ENDOSCOPY CENTER, L.L.C.,** Defendant.

No. 01–4044–DES.

United States District Court, D. Kansas.

Dec. 20, 2001.

---

Kevin L. Diehl, Eugene B. Ralston, Ralston & Pope, L.L.P., Topeka, KS, for plaintiff.

Norman I. Reichel, Diane L. Waters, Rebecca S. McGinley, Steven J. Book, Merry M. Campbell–Tucker, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Dismiss (Doc. 26). Plaintiff has filed a Response (Doc. 35), and defendant has filed a Reply (Doc. 37). In this medical malpractice case, defendant seeks dismissal claiming the court lacks subject matter jurisdiction. For the following reasons, defendant's motion shall be granted.

## I. STANDARD OF REVIEW

■ Unlike dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). "A court lacking jurisdiction 'must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.'" *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)). *See also* Fed.R.Civ.P. 12(h)(3).

■ A Rule 12(b)(1) motion may be construed either as a facial or factual challenge to the court's subject matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). If the motion is treated as a facial attack, the court may consider only the allegations contained in the complaint, and the court must accept the allegations as true. *Id.* In sum, a facial attack questions the sufficiency of the complaint. *Id.*

■ On the other hand, a factual challenge differs in both strategy and procedure:

[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such circumstances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

*Id.* at 1003 (internal citations omitted).

In the present matter, defendant offers argument and supporting affidavits attacking the factual basis alleging underlying the court's jurisdiction. The motion will, therefore, be construed as a factual challenge to the court's jurisdiction. Contrary to defendant's assertion, however, the court is not compelled to convert the motion to a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The merits of this case are not intertwined with the instant jurisdictional question, so the court will consider the proffered affidavits in its consideration of subject matter jurisdiction under Rule 12(b)(1).

## II. DISCUSSION

■ Plaintiff brings this action claiming diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. For purposes of § 1332, a natural person is a citizen of the state in which they are domiciled. *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir.1966). Plaintiff, without question, is a domiciliary of Kansas. Therefore, the court will retain jurisdiction over this case only if defendant is not a citizen of Kansas.[1]

■ The citizenship of defendant, however, is a bit more troublesome to determine. The affidavits submitted to the court demonstrate defendant is organized under the laws of Tennessee as a limited liability company ("LLC"). Defendant is not, as plaintiff erroneously states, a corporation. This distinction, while diminished in reality due to the operating freedom granted LLCs by state legislatures, is of great importance in determining questions of jurisdiction. 28 U.S.C. § 1332(c) (stating a corporation, for diversity purposes, is a citizen of the state of its incorporation and of the state where it has its principal place of business). Unlike corporations, the Supreme Court has long held fast to its position that an unincorporated entity is a citizen of each state where its individual members hold citizenship. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnerships have the citizenship of each of its general and limited partners). Neither the entity's state of organization or the situs of its principal business activity, therefore, are determinative in deciding citizenship.

■ With the introduction and expansion of LLCs as an attractive business association,[2] there has been some question as to how a LLC should be classified for purposes of diversity. Although the Tenth Circuit has not yet weighed-in on the issue, the vast majority of courts considering the matter have ruled in favor of treating LLCs more like unincorporated partnerships than corporate entities. *See, e.g., Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir.2000) (finding LLC shares citizenship with membership); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998) (same); *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1112 (D.Colo.2000) (same). *But see Tai v. Martin*, No. 95–2319, 1996 WL 227783, at *1 (D.Kan. Apr. 30, 1996) (Lungstrum, J.) (assuming, without deciding, that a Kansas limited liability company's citizenship was dependent on its principal place of business). The court agrees with the majority view, and finds an LLC is a citizen, for purposes of diversity, of each state where its members are citizens.

Defendant's affidavits reveal its membership is comprised of two additional entities: (1) Amsurg Holdings, Inc. ("Amsurg") and (2) Gastro Intestinal Physicians, L.L.C. ("Gastro"). In line with the above analysis, defendant is a citizen of every state where Amsurg and Gastro are citizens. No information regarding the citizenship of Amsurg has been submitted to the court. On the other hand, Gastro is a LLC comprised of seven individual physician members. Defendant's affidavits reveal all seven individual physician members are domicili-

---

**1.** For purposes of this discussion and in light of the court's final decision, the court will not consider the amount in controversy requirement for jurisdiction under § 1332. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ....").

**2.** In brief, LLCs offer members the limited liability protections afforded traditional corporations while at the same time offering a greater degree of individual control.

aries of Kansas. Therefore, because Gastro's physician members are Kansas citizens, Gastro is a citizen of Kansas. If Gastro is a Kansas citizen, then defendant is also, for purposes of diversity, a citizen of Kansas.

## III. CONCLUSION

Having already found plaintiff to be a citizen of Kansas, the parties in this case share Kansas as their state of citizenship. Such a finding precludes jurisdiction under § 1332, and the court must grant defendant's motion and dismiss this action. In reaching this ruling, the court has rejected plaintiff's suggestion that more discovery is needed so as to ascertain where defendant's principal place of business is located. As noted above, such information is irrelevant to the question of a LLC's citizenship.

**IT IS THEREFORE BY THIS COURT ORDERED** that defendant's Motion to Dismiss (Doc. 26) is granted, and this case is hereby dismissed without prejudice.