HOMFELD II, L.L.C., a Michigan Limited Liability Company; Jonathan Capital Resources, L.L.C., a Delaware Limited Liability Company; and Spirit Aircraft I Trust, a Delaware Business Trust, Plaintiffs–Appellants,

v.

COMAIR HOLDINGS, INCORPORATED, Defendant–Appellee.

No. 01–1151.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; and QUIST, District Judge.*

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

BATCHELDER, Circuit Judge.

Plaintiffs–Appellants Homfeld II, L.L.C., Jonathan Capital Resources, L.L.C., and Spirit Aircraft I Trust (collectively, "the Leasing Companies") appeal the district court's dismissal of their complaint under Fed.R.Civ.P. 12(b)(6). The Leasing Companies argue that the district court erred in concluding that their third-party contractual claims are barred. Finding no merit to their arguments, we will affirm the judgment of the district court.

### Statement of Facts

Spirit Airlines, Inc. ("Spirit") is a certified air carrier that provides low-fare air transportation to numerous cities; at the time in question it was operating ten airplanes, four of which it leased from the Leasing Companies. Comair Holdings, Inc. ("Comair") is a holding company whose principal subsidiary and operating company, Comair, Inc., is a certified air carrier providing scheduled air transportation to many cities. In 1996 Spirit, Spirit's owner Edward Homfeld, and Comair entered into an agreement ("Acquisition Agreement") by which Comair would acquire most of Spirit's assets and assume most of Spirit's liabilities. The Leasing Companies were not a party to this agreement.

The Acquisition Agreement provided, among many other things, that Spirit's obligations on the Leasing Companies' four airplanes would pass to Comair. Under federal law, however, the airplanes had to meet "stage 3" noise levels by December 31, 1999, or they would not be allowed to fly. *See* 49 U.S.C. § 47528(a). To comply with this requirement they needed noise mufflers called "hushkits," which would cost over $2 million per plane. The Acquisition Agreement required Spirit to add a paragraph to its leases on the four Leasing Company airplanes, establishing that the Leasing Companies would install the hushkits at their own expense, that if the cost exceeded $2.2 million then "the excess shall be payable by the Lessee or reflected in the Basic Rent under the Lease." and that the Leasing Companies would recover the cost via increased rent once the hushkits were installed. The Acquisition Agreement additionally established that the terms of the leases with the Leasing Companies would be extended.

Spirit fulfilled its obligations under the Acquisition Agreement, but Comair backed out. In 1997 Spirit filed a breach of contract suit—a suit in which the Leasing Companies did not join—against Comair. Spirit obtained a summary judgment on the issue of liability, and Comair settled on the issue of damages. In 2000 the Leasing Companies filed this action against Comair. claiming to be aggrieved third-party beneficiaries to the Acquisition Agreement. The district court granted Comair's motion to dismiss, and the Leasing Companies now appeal.

### Analysis

■ There is a preliminary jurisdictional matter in this case. The Leasing Companies—which comprise two limited liability companies and a business trust—alleged in their complaint only their personal places of business and the states in which they have citizenship, but failed to allege the citizenship of their members and trustees. The latter is required in order to establish diversity jurisdiction because a limited liability company is not treated as a corporation and has the citizenship of its members, and a business trust has the citizenship of its trustees. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). The Leasing Companies have as-

serted in their briefs on appeal that there are "no Ohio or Kentucky citizens among the plaintiffs' constituents and that there [is] therefore complete diversity." Comair does not contest the matter. This defect easily may be cured under the authority of 28 U.S.C. § 1653, which provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Because there is no dispute about the fact of our jurisdiction, but merely a defective allegation, we will proceed to the merits of the case, but we order the Leasing Companies to file, within ten days of this decision, a proper amendment in this Court setting forth the facts demonstrating diversity jurisdiction. *See Miller v. Davis*, 507 F.2d 308, 311 (6th Cir.1974) (noting that Congress's intent in enacting 28 U.S.C. § 1653 was to avoid dismissals on technical grounds, and, while proceeding to the merits of the case, ordering the appellants to file a proper amendment in the appellate court establishing diversity jurisdiction).

We review *do novo* a district court's dismissal of a complaint under Fed. R. Civ. Proc. 12(b)(6). *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002). Like the district court, we assume that all of the plaintiffs' factual allegations are true, and we may affirm the dismissal only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Id.* (quoting *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir.2001)).

■ Ohio allows "intended beneficiaries" to file third-party beneficiary suits, "[u]nless otherwise agreed between promisor and promisee." *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 521 N.E.2d 780, 784 (1988) (quoting RESTATEMENT OF THE LAW 2D, CONTRACTS § 302). The first question, then, is whether the Acquisition Agreement establishes that the Leasing Companies may or may not file suit as third-party beneficiaries. If it establishes that they may file suit, then we must consider whether they have stated a claim; if it establishes that they may not, then our inquiry is ended. If the Acquisition Agreement leaves these questions open, then we must consider whether the Leasing Companies qualify as "intended beneficiaries" under Ohio law.

■ The district court dismissed the Leasing Companies' claims on the grounds that the Acquisition Agreement did not allow for third party claims, and that in any event, the Leasing Companies were not intended third party beneficiaries under Ohio law. It based its contractual-bar finding on paragraph 18.1 of the Acquisition Agreement:

> *Assignment.* This agreement and all rights hereunder shall not be assignable by any party without the prior written consent of the other party.... Subject to the foregoing, all of the terms of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the parties and their ... permitted assigns. *Except as expressly stated, nothing herein shall be deemed to confer any benefit upon any person or business entity that is not a party to this agreement.* Notwithstanding the foregoing. Comair may assign its rights under this Agreement to a wholly owned subsidiary.

Acquisition Agreement ¶ 18.1 (emphasis added).

The parties quarrel vigorously over the meaning of the italicized sentence. Overall, we see four possible readings:

(1) Except as expressly stated in this paragraph, nothing in this paragraph confers any benefit ...

(2) Except as expressly stated in this Agreement, nothing in this Agreement confers any benefit . . .

(3) Except as expressly stated in this paragraph, nothing in this Agreement confers any benefit . . .

(4) Except as expressly stated in this Agreement, nothing in this paragraph confers any benefit . . .

Comair argues that we should adopt reading (3); the Leasing Companies contend for either (1) or (2). We find that the Leasing Companies may not recover, regardless of which reading one advocates.

Under reading (1), paragraph 18.1 leaves unanswered the question of whether the Leasing Companies may be third party beneficiaries, and makes the question one of Ohio law. Under Ohio law, "in order for a third-party beneficiary to have enforceable rights under a contract, circumstances surrounding the promise between the promisor and promisee must indicate that the promisee intended to benefit the third party, and the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." *Anderson v. Olmsted Util. Equip., Inc.*, 60 Ohio St.3d 124, 573 N.E.2d 626, 631 n. 5 (1991). Though for purposes of Comair's 12(b)(6) motion we are required to accept as true the Leasing Companies' allegation that one of the purposes of the Acquisition Agreement was to benefit the Leasing Companies, we find this inadequate to establish the Leasing Companies as intended beneficiaries as a matter of Ohio law. The circumstances indicate that this was an agreement to sell an operating airline rather than a scheme to do a good turn to the Leasing Companies, and at the time the Agreement was entered into, Spirit had no obligation to the Leasing Companies with regard to noise reduction modification of the airplanes and no obligation to expand or extend the leases of those planes. Although the Leasing Companies certainly must have welcomed the benefits they would receive, we see no reason to conclude that performance by Comair under the Agreement would have satisfied a duty owed by Spirit—the promisee for purposes of this analysis—to the Leasing Companies. Consequently, the Leasing Companies are not third party beneficiaries under reading (1).

The Leasing Companies advocate reading (2) because, in their view, the Agreement did "expressly state" the benefits conferred upon them: it specifically discussed how Comair was to assume Spirit's leases of their aircraft, in the process benefitting them by raising their rent, extending their leases, and reimbursing them for the hushkits. But Comair assumed any number of Spirit's obligations, and by doing so it benefitted many, if not all, of those third parties. Did the signers of the Acquisition Agreement intend that all of these should have the right to pursue Comair as third party beneficiaries? We think not. The mere fact that the Leasing Companies were specifically named in the contract does not sufficiently distinguish them from the other "beneficiaries." The Leasing Companies' argument is an attempt to get around the real problem, which is that the Acquisition Agreement did not expressly state the principal benefit at issue: the Leasing Companies' right to sue as third party beneficiaries.

Under reading (3) the Leasing Companies have no right to bring suit, because paragraph 18.1 does not expressly state their right to do so. And reading (4) fails for the same reasons that reading (2) fails. We conclude that the district court did not err.

## Conclusion

Accordingly, we ORDER the Leasing Companies to file with the clerk of this

court, within ten days of this decision, the amendment setting forth the facts supporting diversity jurisdiction consistent with the representation in their appellate briefs, and we AFFIRM the judgment of the district court dismissing the Plaintiffs' case.