TRIDENT–ALLIED ASSOCIATES, LLC, Trident–Allied Associates II, LLC, Plaintiffs,

v.

CYPRESS CREEK ASSOCIATES, LLC, AHG Cypress Creek Hotel, Inc., AHG Orlando Hotel, Inc., Nationwide Hotel Supply, Inc., David Falor, Marie Falor, Robert Falor, Jennifer Falor and Chris Falor, Defendants,

and

Cypress Creek Associates, LLC, AHG Cypress Creek Hotel, Inc., AHG Orlando Hotel, Inc., David Falor, Robert Falor and Jennifer Falor, Defendants/Counter–Plaintiffs,

v.

Trident–Allied Associates, LLC, and Trident–Allied Associates, II, LLC, Plaintiffs/Counter–Defendants,

and

Cypress Creek Associates, LLC, AHG Cypress Creek Hotel, Inc., AHG Orlando Hotel, Inc., David Falor, Robert Falor and Jennifer Falor, Defendants/Third Party Plaintiffs,

v.

Trident–Boca, L.L.C., Trident–Cypress Creek, L.L.C., Soave Enterprises LLC, Anthony Soave, Darlene Soave, Peter Saputo, Trident Properties, Inc., David Brown and Kevin McShane, Third–Party Defendants.

No. 02–74029.

United States District Court, E.D. Michigan, Southern Division.

April 9, 2004.

Lawrence G. Campbell, Dickinson Wright, Detroit, MI, for Plaintiff.

Marjorie L. Kolin, Farmington Hills, MI, for Defendant.

## OPINION

DUGGAN, District Judge.

Plaintiffs filed this action alleging breach of management agreements (Count I). Plaintiffs also allege additional acts of misconduct under Count II captioned "Liability of Falors Individually and Nationwide." Plaintiffs assert that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

■ Plaintiffs are Michigan limited liability companies organized pursuant to the Michigan Limited Liability Company Act. (*See* First Am. Compl. Exs. B, E) For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members. *Int'l Flavors and Textures, LLC v. Gardner*, 966 F.Supp. 552 (W.D.Mich.1997).

The members of Plaintiff Trident–Allied Associates ("Trident I") are Trident–Boca, a Michigan limited liability company, and The Falor Companies, Inc. The Falor Companies, Inc. is an Illinois corporation. (*See* First Am. Compl. Ex. A). The members of Plaintiff Trident–Allied Associates II ("Trident II") are Trident Cypress Creek and Cypress Creek Associates, LLC. (*See* First Am. Compl. at ¶ 16). Trident Cypress Creek is a Michigan limited liability company. Cypress Creek Associates, LLC, is an Illinois limited liability company. (*See* First Am. Compl. at ¶ 3, Ex. E). Therefore, for purposes of diversity jurisdiction, both Plaintiffs are citizens of Illinois. All of the individual defendants are citizens of Illinois. Therefore, the complete diversity required under 28 U.S.C. § 1332 is lacking.

■ On December 3, 2003, this Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs' response to the order to show cause implicitly acknowledges that there is no diversity jurisdiction in this case. Plaintiffs have filed a Motion for Leave to Add Parties requesting permission to substitute the majority members of Plaintiffs Trident I and Trident II, Trident–Boca and Trident Cypress Creek, as Plaintiffs in this case.[1] Plaintiffs argue that Trident–Boca and Trident Cypress Creek are the "real parties in interest" and that because Trident I and Trident II each have only two members, the alleged wrongful acts of the Defendants "injured the only other member, namely Trident–Boca and Trident Cypress Creek." (Pls.' Resp. at 3, 5). Plaintiffs acknowledge that the agreements at issue were "signed" by Trident I and Trident II (Pls.' Resp. at 6), and that the proposed Plaintiffs, Trident–Boca and Trident Cypress Creek, "seek to assert the rights of Trident I and Trident II for Defendants' wrongdoing." (Pls.' Reply at 5). However, Plaintiffs argue that Trident I and Trident II are "clearly dispensable parties." (*Id.* at 3).

Defendants maintain that if a Court lacks subject matter jurisdiction, it does not have jurisdiction to grant amendments to a pleading. (*See* Defs.' Br. filed 1/22/04 at 5). Defendants also argue that Plaintiffs' assertion that the only injured parties are the majority members of Trident I and Trident II is "patently absurd" and "disregard[s] the separate existence of the limited liability company and the fact that any judgment rendered would not necessarily or directly inure to the benefit of the members of the limited liability companies." (*Id.* at 6–7, n. 4).

Plaintiffs have failed to persuade the Court that Plaintiffs Trident I and Trident II are "clearly dispensable parties" to this

---

1. Diversity jurisdiction would exist if the Court grants Plaintiffs' motion to substitute parties.

suit. In support of their contention that the majority members Trident–Boca and Trident Cypress Creek are the real parties in interest, Plaintiffs rely on *Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*, 261 F.Supp.2d 919 (E.D.Mich.2003). In *Simon Prop.*, a case involving corporate voting rights, the court found the limited partnership to be a dispensable party where the sole shareholder of the corporation that was the managing general partner of the limited partnership was named. Under the facts of that case, the court found the individual shareholder's interest to be "identical" to those of the limited partnership. Plaintiffs have failed to demonstrate to the Court how *Simon Prop.*, a case involving voting rights and a limited partnership, can be read to render Plaintiffs Trident I and Trident II dispensable parties to this action.

In this Court's view, Plaintiffs Trident I and Trident II are necessary parties to this suit. First, Plaintiffs understate the importance of the limited liability company structure itself. (*See* Pls.' Resp. at 7: "Trident I and Trident II are merely organizational entities comprised of individual members."). It is evident that the Michigan legislature fashioned the limited liability company to be a legal entity distinct from its members. Under Michigan's Limited Liability Company Act, a membership interest is personal property and "[a] member has no interest in specific limited liability company property." M.C.L. § 450.4504(1)-(2). Similarly, members are not liable for the acts, debts, or obligations of the limited liability company. M.C.L. § 450.4501(3). In addition, limited liability companies have the power to sue and be sued. M.C.L. § 450.4210 (granting all powers of corporations to limited liability companies).

Although Plaintiffs argue that the majority members, Trident–Boca and Trident Cypress Creek, are the "real parties in interest," the complaint belies this assertion. The harm alleged in this case is harm to Trident I and Trident II. For example, Plaintiffs allege that "Trident and Trident II have suffered damages as a result of the Falors' fraud," "[t]he Falors breached their fiduciary duty to Trident and Trident II by failing to act in good faith, with the care of a reasonably prudent person and in the best interests of Trident and Trident II," and "Trident and Trident II have suffered substantial damages as a result of the Falors' breach of fiduciary duty to Trident and Trident II." (*See* First Am. Compl. at ¶¶ 90, 92–93).

Were this Court to substitute the majority members as Plaintiffs, those claims would clearly be derivative. That is, but for the limited liability companies, those claims would not exist. (*See* Pls.' Reply at 5: "Trident–Boca and Trident Cypress Creek seek to assert the rights of Trident I and Trident II for Defendants' wrongdoing."). Under similar circumstances, other courts have held that where members of an LLC bring claims derivatively on behalf of the company, the company is an indispensable party. *See e.g., Weber v. King*, 110 F.Supp.2d 124 (E.D.N.Y.2000). This is so even where all the members are before the Court. In *Weber*, two members of an LLC filed suit against the third member and her alleged supporters seeking to prevent her from destroying the LLC. Defendants moved for dismissal arguing that Plaintiffs failed to join the LLC because it would destroy diversity. *Weber*, 110 F.Supp.2d at 127. Relying on Fed. R. Civ. P. 19 ("Joinder of Persons Needed for Just Adjudication"), the court determined that the LLC was a necessary party under Rule 19(a).

Plaintiffs cannot argue that the presence of all members of the Company before the Court is sufficient to protect the interest of the Company. Under New York's Limited Liability Company Law

(N.Y.LLCL) an LLC is a 'separate legal entity.' Its members are afforded corporate-like limited liability protection, i.e., members do not have personal liability for the debts, obligation, or liabilities of the LLC. In addition, like a corporation, it has rights and obligations which are separate and distinct from those of its members. It follows that the Company's interests may also be distinct from those of its members....

*Weber,* 110 F.Supp.2d at 128 (internal citation omitted). Further, in *Weber,* the Court determined that under Rule 19(b), the action could not proceed without joinder of the LLC because plaintiffs' claims impacted the interests of the Company, as opposed to the members. *Id.* at 129. Given the apparent similarities between New York limited liability companies and Michigan limited liability companies, the reasoning in *Weber* is persuasive.

Other courts have found limited liability companies to be indispensable under similar circumstances. In *Trademark Retail, Inc. v. Apple Glen Investors,* LP, 196 F.R.D. 535 (N.D.Ind.2000), a diversity action, one member of an LLC, a real estate developer, brought suit against the other member, an investor, as well as other individuals alleging breach of fiduciary duties and interference with contractual and business relations. Defendants moved for dismissal arguing that the LLC was "a necessary and indispensable party," and that the LLC would destroy diversity jurisdiction. *Trademark Retail,* 196 F.R.D. at 538. Plaintiff argued that the LLC itself was not an indispensable party.

The court ultimately found the LLC to be an indispensable party even though all of the members of the LLC were before the court, and dismissed the action for lack of diversity jurisdiction. Like the case at bar, in *Trademark Retail,* the complaint referenced harm to the LLC, as opposed to the individual member bringing suit. *Id.* at 540. At issue in *Trademark Retail* are the Agreements creating the LLC:

> Like *Weber* [*v. King,* 110 F.Supp.2d 124 (E.D.N.Y.2000)], however, and most pertinent in this Court's view, the members are in conflict, a conflict that would necessarily seem to implicate the rights and/or duties of the LLC. Moreover, at issue are the very Agreements which appear to have served as the basis for the creation of [the] LLC in the first instance. As such, it is clear to the Court that [the] LLC is a necessary party.

*Trademark Retail,* 196 F.R.D. at 540–541. The facts of *Trademark Retail* are analogous to the case at bar, and the court's reasoning cuts against Plaintiffs' assertion that the injury in this case is to the majority members, and not to the LLC entities originally named in the complaint.[2]

---

2. Plaintiffs also rely on § 7.4 of the Operating Agreement in support of their argument that Trident I and Trident II are dispensable parties. (*See* Pls.' Reply Ex. C). That section provides in relevant part:
   > Any breach by either D. Falor or R.J. Falor of, or a default by either D. Falor or R.J. Falor under, this Agreement shall constitute a breach by both D. Falor or R.J. Falor of, and a default under, the Contribution Agreement, the Membership Pledge Agreement and each of the other Transaction Documents. Any breach by either D. Falor or R.J. Falor of, or a default by either D. Falor or R.J. Falor under the Contribution

Agreement, the Membership Pledge Agreement or any of the other Transaction Documents shall constitute a breach of this Agreement by both D. Falor and R.J. Falor, thereby entitling *Trident–Boca and the Company* to exercise all rights, powers and remedies under, referred to or preserved in this Agreement, the Contribution Agreement, the Membership Pledge Agreement and/or any of the other Transaction Documents, all of which rights, powers and remedies shall be cumulative.

(Pls.' Reply Ex. C)(emphasis added). The Court is not persuaded that this provision

In sum, in this Court's view, Plaintiffs Trident I and Trident II are necessary parties to this action. Trident I and Trident II are composed of Illinois members, and several Defendants are citizens of Illinois for purposes of diversity jurisdiction. The complete diversity required under 28 U.S.C. § 1332 is lacking. Accordingly, this action must be dismissed. A judgment consistent with this opinion shall issue.

means that the LLC is an unnecessary party to the instant action.