**VERICORR PACKAGING, LLC, Plaintiff,**

v.

**OSIRIS INNOVATIONS GROUP, LLC, Defendant.**

No. 07–12415.

United States District Court, E.D. Michigan, Southern Division.

Aug. 10, 2007.

Michael G. Brady, Warner, Norcross, Southfield, MI, for Plaintiff.

Lawrence J. Murphy, Honigman, Miller, Detroit, MI, for Defendant.

### ORDER OF DISMISSAL FOR WANT OF JURISDICTION

LAWSON, District Judge.

On June 5, 2007, plaintiff VeriCorr Packaging, LLC filed this case against Osiris Innovations Group, LLC. The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship. The defendant does not dispute subject matter jurisdiction. However, "federal courts are not allowed simply to assume jurisdiction and then proceed to resolve a case on the merits." *Patterson v. Haskins,* 470 F.3d 645, 667 (6th Cir. 2006). In every case, " 'the first and fundamental question is that of jurisdiction.... This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' " *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (*quoting Great So. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900)). The "Court has an obligation to address jurisdiction in every case," *Sault Ste. Marie Tribe of Chippewa Indians v. Granholm,* 475 F.3d 805, 811 (6th Cir.2007), "even if the parties fail to properly present the issue," *Vill. of Oakwood v. State Bank & Trust Co.,* 481 F.3d 364, 366 (6th Cir.2007). "In the absence of jurisdiction, the court's only function is to announce the lack of jurisdiction and dismiss or remand the case." *Vill. of Oakwood,* 481 F.3d at 366–67.

As a general rule, "a limited liability company is not treated as a corporation and has the citizenship of its members." *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732 (6th Cir.2002)

(unpublished) (citing *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998)); *Trident–Allied Assoc., LLC. v. Cypress Creek Assoc., LLC.,* 317 F.Supp.2d 752, 753 (E.D.Mich.2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."); *Int'l Flavors and Textures, LLC v. Gardner,* 966 F.Supp. 552, 554–55 (W.D.Mich.1997) (holding that "citizenship of an unincorporated association, at least for purposes of diversity jurisdiction, is the citizenship of each of its members" and this rule "applies to entities created pursuant to the Michigan limited liability act."). The jurisdiction statement in the complaint indicated only the principal place of business of each LLC but does not identify the citizenship of the LLC members. So on June 20, 2007 and July 12, 2007, the Court issued orders requiring the parties to disclose the citizenship of their members to determine whether diversity jurisdiction exists.

■ On June 29, 2007, the plaintiff filed a statement disclosing the requested information. According to the submission, the plaintiff has eleven members situated as follows:

| Member | Citizenship |
| --- | --- |
| Sabeli, LLC | North Carolina LLC whose sole member is North Carolina citizen |
| Knot Tee Time, LLC | North Carolina LLC whose sole member is Florida citizen |
| MarBry Holdings, LLC | Florida LLC whose sole member is Florida citizen |
| Janet B. Simpson | North Carolina |
| John G. Sutlive | Georgia |
| John Blanton | North Carolina |
| Adriana Avila | Michigan |
| Rick Nickerson | Michigan |
| Larry Larkin | Georgia |
| Kathy McClure | Illinois |
| Keith Souther | North Carolina |

Pl.'s Statement of LLC Membership [dkt # 7]. On July 20, 2007, the defendant filed a statement indicating it has one member, David A. Saroli, who is a citizen of Michigan. Def.'s Statement of LLC Membership [dkt # 10].

On July 20, 2007, the plaintiff filed a brief in which it argues that a limited liability company is a citizen of the state where it is organized and has its principal place of business under the Entity Rule. The plaintiff believes the Sixth Circuit has abandoned what the plaintiff refers to as the Members Composing Rule. The plaintiff points to cases in which jurisdiction is based on diversity of citizenship and identifying the principal place of business of an LLC party rather than the citizenship of its membership. The plaintiff also argues that the so-called Entity Rule is easier to apply and the results are fairer because corporations and LLCs are similarly-situated entities.

Although there may be some merit to the plaintiff's ease-of-application argument, it does not reflect prevailing law. The Supreme Court has never ruled on the issue of diversity jurisdiction involving LLC parties. However, it has noted that the federal courts of appeals determine diversity jurisdiction by looking to the citizenship of the LLC members. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 585 n. 1, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (stating that "[a]lthough the Court has never ruled on the issue, Courts of Appeals have held the citizenship of each member of an LLC counts for diversity purposes"). The First, Second, Fourth, Seventh, Eight, Ninth, and Eleventh Circuit Courts of Appeals have all held in published cases that the citizenship of an LLC for diversity purposes is determined by looking to the citizenship of its members. *See Wetmore v. MacDonald, Page, Schatz, Fletcher & Co., LLC,* 476 F.3d 1, 1 (1st Cir.2007) (holding that parties were diverse because none of LLC's members shared plaintiff's citizenship); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship,* 213 F.3d 48, 52 (2d Cir.2000) (holding that LLCs "for diversity purposes [were] citizens of Florida because

both entities have Florida members"); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir.2004) (holding that an LLC "has the citizenship of its members"); *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir.2007) (stating that "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members"); *One-Point Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007) (holding that "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members"); *Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004) (joining all other federal circuits "that have answered this question . . . in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Unpublished circuit court or district court cases from the remaining circuits have made similar holdings that the citizenship of an LLC is determined by its members. *Pippett v. Waterford Dev., LLC,* 166 F.Supp.2d 233, 236 (E.D.Pa.2001); *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.,* No. H–05–3690, 2007 WL 1850423, *2 (S.D.Tex.2007) (unpublished); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732 (6th Cir.2002) (unpublished); *Trident–Allied Assoc., LLC. v. Cypress Creek Assoc., LLC.,* 317 F.Supp.2d 752, 753 (E.D.Mich.2004); *Birdsong v. Westglen Endoscopy Ctr., L.L.C.,* 176 F.Supp.2d 1245, 1248 (D.Kan.2001); *Wright v. Herman,* 230 F.R.D. 1, 6 (D.D.C.2005).

As contrary authority, the plaintiff cites cases in which the courts made reference to the place of business of the LLC parties. *See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.,* 395 F.3d 338 (6th Cir.2005); *Ferrer v. MedaSTAT USA, LLC,* 145 Fed.Appx. 116 (6th Cir.2005). In neither of those cases, however, did the courts state that the place of business, instead of the citizenship of members, *determined* the citizenship of an LLC. And in none of those cases was it shown that a member of an LLC party was a citizen of the state of an opposite party.

The plaintiff also cites *Wachovia Bank, NA v. Schmidt,* 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), in support of its argument. In that case, the Fourth Circuit had held that a national bank was located in all the states in which it operated branches, which restricted the banks' access to federal courts. The Supreme Court reversed, stating:

> Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities. Congress, we are satisfied, created no such anomaly.

*Id.* at 945. The plaintiff believes the "Court recognized the importance of making diversity jurisdiction equally available to similarly-situated entities." Pl.'s Br. at 5. The plaintiff makes too much of this case. National banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." *Id.* at 944. It would be odd indeed if federally created entities were denied access to federal court. That rationale does not apply to LLCs created under state law.

■ For the purpose of determining diversity jurisdiction, the citizenship of the parties must be assessed at the time the complaint is filed. *Napletana v. Hillsdale*

*Coll.,* 385 F.2d 871, 872 (6th Cir.1967); *Television Reception Corp. v. Dunbar,* 426 F.2d 174, 177 (6th Cir.1970) ("The general rule is that federal jurisdiction is tested according to the facts as they exist at the time an action is initiated"). It is axiomatic that federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999) (citing *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1089 (6th Cir.1992)).

The plaintiff is an LLC with eleven members, two of whom are citizens of Michigan, and the rest of whom are citizens of four other separate States. For the purpose of diversity jurisdiction, the plaintiff is deemed a citizen of Michigan plus those other four states. The defendant is an LLC with its sole member a citizen of Michigan. The defendant, therefore, is deemed a citizen of Michigan. Because both the plaintiff and the defendant are citizens of Michigan, their citizenship is not diverse. Therefore, the Court does not have subject matter jurisdiction over the case.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the plaintiff's motion to dismiss the counterclaim [dkt # 12] is **DISMISSED** as moot and the hearing cancelled.